## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

| | | |
|---|---|---|
| In re: | ) | **Case No. 11-19510** |
| | ) | |
| **BASIL STREET PARTNERS, LLC,** | ) | **Judge** |
| | ) | |
| **Debtor.** | ) | **Chapter 7** |
| | ) | |

## EMERGENCY MOTION OF PETITIONING CREDITORS (1) PURSUANT TO BANKRUPTCY CODE SECTION 362(d) FOR RELIEF FROM THE AUTOMATIC STAY AND (2) PURSUANT TO BANKRUPTCY CODE SECTION 543(d) TO EXCUSE COMPLIANCE WITH BANKRUPTCY CODE SECTIONS 543(a), (b) AND (c)

Antaramian Properties, LLC ("<u>Antaramian</u>"), the holder of the first mortgage on the property of Basil Street Partners, LLC (the "<u>Debtor</u>") whose mortgage debt is undersecured by not less than $10,000; Young Van Assenderp, P.A. ("<u>Young</u>"), a general unsecured creditor of Debtor whose debt is not less than $10,000; Turrell, Hall & Associates, Inc. ("<u>Turrell</u>"), the holder of a mechanics lien on the property of Debtor whose debt is undersecured by not less than $10,000; and Forge Engineering, Inc. ("<u>Forge</u>" and together with Antaramian, Young and Turrell, the "<u>Petitioning Creditors</u>"), the holder of a mechanics lien on the property of Debtor whose debt is undersecured by not less than $10,000; and each a creditor and party in interest in the above-captioned chapter 7 bankruptcy proceedings, by and through their respective undersigned counsel, hereby move this Court (the "<u>Motion</u>") on an emergency basis for entry of an order (i) modifying the automatic stay provisions of Bankruptcy Code[1] Section 362 to permit a receiver appointed pre-petition to continue in the possession, control, management, use, lease and sale of specific property (i) subject to the jurisdiction of the Circuit Court for the Twentieth

---

[1] Unless otherwise indicated, all section references are to the current version of the Bankruptcy Code, 11 US.C. §§ 101, *et seq*. (the "<u>Bankruptcy Code</u>") and all rule references are to the current Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

Circuit in and for Collier County, Florida (the "State Court"), (ii) pursuant to Bankruptcy Code Section 543(d)(1) excusing compliance with Bankruptcy Code Sections 543(a), (b), and (c) because the interests of the Debtor's Bankruptcy estate and creditors would be better served by permitting the receiver to continue to possess, control, manage, use, lease and sell property of the Bankruptcy estates, and (iii) granting such other and further relief as is justly and equitable. A Memorandum in Support of this Motion is attached hereto and accompanying Affidavits of Gerard A. McHale, Jr., Receiver and Jack Antaramian are filed in support of this Motion, all of which are incorporated by reference herein.

Respectfully submitted,

/s/ John S. Sarrett

Theodore L. Tripp, Jr.
John S. Sarrett
HAHN LOESER & PARKS LLP
2532 First Street
Fort Myers, FL 33901-2431
Phone:    (239) 337-6700
Fax:        (239) _____
Email:    ttripp@hahnlaw.com
              jssarrett@hahnlaw.com

*Attorneys for Antaramian Properties, LLC*

/s/ Timothy R. Qualls (see attached)

Timothy R. Qualls
Roy Young
Young Van Assenderp, P.A.
225 S. Adams Street, Suite 300
Tallahassee, FL 32301
Phone:  850-222-7206
Fax:  850-561-6834
E-mail:  tqualls@yvlaw.net

*Attorneys for Young Van Assenderp, P.A.*

/s/ Mark H. Muller (see attached
_____
Mark H. Muller
MARK H. MULLER, P.A.
5150 Tamiami Trial N., Suite 303
Naples, FL 34103
Phone:     (239) 774-1436
Fax:        (239) _____
Email:     mark@mullerlawnaples.com

*Attorneys for Turrell, Hall & Associates, Inc.*



/s/ Andrew Solis (see attached)
_____
Andrew Solis
COHEN & GRIGSBY
27200 Riverview Center Blvd.
Bonita Springs, FL 34134-4317
Phone: 239-390-1900
Fax:     239-390-1901
Email:     asolis@cohenlaw.com

*Attorneys for Forge Engineering,  Inc.*

3

Circuit in and for Collier County, Florida (the "State Court"), (ii) pursuant to Bankruptcy Code Section 543(d)(1) excusing compliance with Bankruptcy Code Sections 543(a), (b), and (c) because the interests of the Debtor's Bankruptcy estate and creditors would be better served by permitting the receiver to continue to possess, control, manage, use, lease and sell property of the Bankruptcy estates, and (iii) granting such other and further relief as is justly and equitable. A Memorandum in Support of this Motion is attached hereto and accompanying Affidavits of Gerard A. McHale, Jr., Receiver and Jack Antaramian are filed in support of this Motion, all of which are incorporated by reference herein.

Respectfully submitted,

/s/ John S. Sarrett

Theodore L. Tripp, Jr.
John S. Sarrett
HAHN LOESER & PARKS LLP
2532 First Street
Fort Myers, FL 33901-2431
Phone:    (239) 337-6700
Fax:      (239) _____
Email:    ttripp@hahnlaw.com
          jssarrett@hahnlaw.com

*Attorneys for Antaramian Properties, LLC*

Timothy R. Qualls
Roy Young
Young Van Assenderp, P.A.
225 S. Adams Street, Suite 300
Tallahassee, FL 32301
Phone: 850-222-7206
Fax: 850-561-6834
E-mail: tqualls@yvlaw.net

*Attorneys for Young Van Assenderp, P.A.*

2

Mark H. Muller  *Fax 899275*
MARK H. MULLER, P.A.
5150 Tamiami Trial N., Suite 303
Naples, FL 34103
Phone:  (239) 774-1436
Fax:    (239) *774-1426*
Email:  mark@mullerlawnaples.com

*Attorneys for Turrell, Hall & Associates, Inc.*


Andrew Solis
COHEN & GRIGSBY
27200 Riverview Center Blvd.
Bonita Springs, FL 34134-4317
Phone: 239-390-1900
Fax:   239-390-1901
Email:   asolis@cohenlaw.com

*Attorneys for Forge Engineering, Inc.*

4281678.4

Mark H. Muller
MARK H. MULLER, P.A.
5150 Tamiami Trial N., Suite 303
Naples, FL 34103
Phone:    (239) 774-1436
Fax:      (239) _____
Email:    mark@mullerlawnaples.com

*Attorneys for Turrell, Hall & Associates, Inc.*

Andrew Solis
COHEN & GRIGSBY
27200 Riverview Center Blvd.
Bonita Springs, FL 34134-4317
Phone: 239-390-1900
Fax:    239-390-1901
Email:   asolis@cohenlaw.com

*Attorneys for Forge Engineering, Inc.*

3

<u>**MEMORANDUM IN SUPPORT**</u>

## I. INTRODUCTION

A duly qualified receiver, Gerard A. McHale, Jr. (the "<u>Receiver</u>"), with the support of the Petitioning Creditors, including Antaramian, an undersecured holder of the first and best mortgage on the Debtor's property, is protecting substantially all of the real and tangible personal property of the Debtor. Pending a hearing on this Motion, the Receiver is acting under the authority of Bankruptcy Code Section 543(a) to take such action as is necessary to preserve such property. This Court's modification of the automatic stay is appropriate to permit the Receiver, under the supervision of the State Court, to continue to act to possess, control, manage, use, lease and sell such property.[2]

## II. BACKGROUND

### A. Debtor has Defaulted on Its Debts

1. Debtor has defaulted on its debts and obligations in connection with the Business and the Property (each as defined below). As evidenced by the Involuntary Petition (as defined below), Debtor has not paid its debts as they have become due.

### B. Debtor has Defaulted on Its Indebtedness to Antaramian.

2. Antaramian is the owner and holder of that certain mortgage loan first extended to Debtor by AmSouth Bank in connection with that certain business known as the Naples Bay Resort (the "<u>Business</u>"). Debtor defaulted on the loan and Regions Bank, as assignee of AmSouth Bank, in accordance with the terms of the loan, accelerated the amounts due.

3. On or about September 29, 2010, Regions Bank assigned the loan to Antaramian. See Affidavit of Jack Antaramian in Support of this Motion filed herewith (the "<u>Antaramian</u>

---

[2] Antaramian and the Receiver will promptly contact the chapter 7 trustee once he or she is appointed. Antaramian expects that under the circumstances a chapter 7 trustee would not mount opposition to an emergency hearing or to maintaining the status quo with the Receiver managing the Debtor's property at least on an interim basis.

Affidavit"), ¶3. As the owner and holder of the loan, Antaramian continued to prosecute that certain foreclosure action against Debtor in the State Court, a civil action presently captioned as *Antaramian Properties, LLC v. Basil Street Partners, LLC, et al.,* Case No. 10-1269-CA (the "Foreclosure Action"), to (a) to foreclose certain liens and security interests in real and personal property located in Collier County, Florida (as defined below, the "Property"); (b) to recover damages under the promissory note secured by such liens and security interests; and (c) to recover damages under certain related guaranty agreements. The Property subject to foreclosure (the "Mortgaged Property") is described in detail in the Lis Pendens filed in the Foreclosure Action on February 18, 2010 and includes, but is not limited to: land; residential, hotel and marina condominium units; hotel commercial space; and a marina located on the west parcel of Naples Bay Resort (the "Naples Bay West Parcel"). The Mortgaged Property also includes a clubhouse facility and a laundry building located on the east parcel of Naples Bay Resort (the "Naples Bay East Parcel") and lots on Keewaydin Island.

C.     **Debtor Remains Obligated on the Loan**

4.     The loan (the "Loan", as defined in and as described in greater detail in the Antaramian Affidavit, which is incorporated as if set forth in full herein, and the Affidavit of Russell Phillips, Vice President of Commercial Real Estate Lending for Regions Bank, filed in the Foreclosure Action, a true copy of which is attached to the Antaramian Affidavit and which likewise is incorporated as if set forth in full herein (the "Phillips Affidavit")) remains in default.

5.     The pertinent loan documents (the "Loan Documents"), as described in the Phillips Affidavit establish that the Loan is secured by virtually all of the real property and personal property of the Debtor and the proceeds generated by such property or from the sale or disposition of that property.

5

6.      The property currently is in the custody and control of the Receiver (as defined herein) as more fully described in the Affidavit of Gerard A. McHale, Jr. in Support of this Motion filed herewith (the "McHale Affidavit").

7.      Debtor is in default for, *inter alia*, failing to make certain payments due under the terms of the Loan Agreement and Note.  As such, the terms of the Loan have been broken.

**D.      The Receiver Presently Is Responsible, among other things, to Possess, Protect, Preserve, Control, Manage, Use, License, Lease, Market and Sell the Property.**

8.      On or about  October 8, 2010, the State Court in the Foreclosure Action appointed Gerard A. McHale, Jr. as the receiver (the "Receiver") over the Property.  A copy of the Order Appointing Receiver (the "Receiver Order") entered by the State Court is attached to the McHale Affidavit as **Exhibit "1".**  On or about October 13, 2010, Mr. McHale filed the requisite oath and bond with the State Court.

9.      On or about December 2, 2010, the Receiver filed an inventory of the Property (the "Inventory").  A copy of the Inventory is **Exhibit "2"** to the McHale Affidavit.

**E.      Debtor has Defaulted on Obligations to Young, Turrell and Forge.**

10.     Young, Turrell and Forge provided goods and services in connection with the construction, improvement, repair and/or maintenance of the Mortgaged Property.

11.     Debtor defaulted on its payment obligations to Young, Turrell and Forge.  Turrell and Forge both filed mechanics' liens against the Mortgaged Property.  The claims of  Young, Turrell and Forge remain unpaid.

**F.      The Petitioning Creditors filed an Involuntary Chapter 7 Petition Against Debtor as Debtor has Failed to Pay Its Debts as they have Become Due.**

4281678.4

12.     On October 18, 2011 (the "Petition Date"), the Petitioning Creditors filed an involuntary petition under chapter 7 of the Bankruptcy Code against Debtor (the "Involuntary Petition").  Debtor has failed to pay its debts as they have become due.

**G.      The Receiver Continues In Possession of the Property and is Maintaining The Property.**

13.     The Property that is the subject of the Foreclosure Action is currently being operated by the Receiver.  McHale Affidavit, ¶5.

14.     The Receiver has taken possession and control of the Property, performed on site review of the Property, catalogued the inventory, and is maintaining the Property.   McHale Affidavit, ¶6.

15.     As of the Petition Date, and pursuant to the Receiver Order, the Receiver had issued $1,228,000 in Receiver's Certificates to fund the operating losses experienced by the Property during his tenure.  McHale Affidavit, ¶7.

16.     The Receiver, and his counsel, Goldstein, Buckley, Cechman, Rice & Purtz, P.A. (the "Goldstein Firm"), together have incurred not less than $246,275 in unpaid fees and expenses in connection with the Receiver's operation of the Property.  McHale Affidavit, ¶8. The Receiver contemplated preparing solicitation materials to market and offer the Property for sale, but continuing losses have prevented the commencement of any marketing process.  *Id.*

**H.      Debtor Mismanaged the Property by Failing to Maintain Insurance, Pay Real Estate Taxes, Pay Its Debts, Maintain the Property and Comply with State and Federal Regulations for the Operation of the Businesses.**

17.     Debtor has hopelessly mismanaged the Property.   Antaramian Affidavit, ¶10. Prior to the appointment of the Receiver and prior to taking control of the Property, Debtor endangered the Property by failing to maintain insurance, pay real estate taxes, pay debts and maintain business operations.  McHale Affidavit, ¶9.  Moreover, Debtor owes delinquent real

estate taxes relating to the Real Property in the total amount of approximately $450,000 for the tax year 2009. *Id.*

18.     Based upon the non-payment of insurance, real estate taxes and other debts, and the significant time and expense invested in maximizing recovery for the benefit of the creditors of Debtors, the Petitioning Creditors' unequivocal conclusion is that Debtors have mismanaged the Property. Antaramian Affidavit, ¶10; McHale Affidavit, ¶9.

19.     Maintaining and operating the Property, requires the outlay of significant funds, the constant day-to-day oversight of numerous employees and attention to a range of regulatory requirements. McHale Affidavit. ¶10. The Receiver has assembled the appropriate agents, counsel, and business practices to protect the Property and is actively doing so. *Id.*

20.     Presently, the operations of the Property do not generate sufficient income to cover all of the expenses that have been or will be incurred by the Receiver or a Trustee. McHale Affidavit, ¶11. While the Receiver had successfully placed $1,228,000 in Receiver's certificates to raise funding necessary to operate the Property in the short term, the Receiver has been unable to place any more such certificates, despite the urgent need for operating capital. *Id.*

21.     No other source of funds is available to the Receiver outside of bankruptcy. Antaramian Affidavit, ¶13. Absent funding from EFO Financial Group, Inc. through postpetition financing under Section 364, it will not be possible for anyone to maintain the Property, protect its value and maximize its value. McHale Affidavit, ¶¶12-13.

## III.     JURISDICTION AND VENUE

22.     The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(b). Venue of this proceeding and for the Motion is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (M) and (O). The predicates for

the relief requested herein are Bankruptcy Code Sections 362(d), 543(d)(1) and 105(a), and Bankruptcy Rules 4001 and 9013.

## IV.    RELIEF REQUESTED

23.    As set forth more fully in the prayer for relief below, the Petitioning Creditors respectfully request that the Court enter an order, substantially in the form of the proposed order attached to the Antaramian Affidavit as **Exhibit "1"** (the "<u>Proposed Order</u>")[3] (i) modifying the automatic stay of Bankruptcy Code Section 362 to the full extent necessary to permit the Receiver to continue to possess, control, manage, use, lease and sell the Property subject to the jurisdiction of the State Court, (ii) pursuant to Bankruptcy Code Section 543(d)(1), excusing compliance with Bankruptcy Code Sections 543(a), (b), and (c) because the interests of the Debtor's creditors are better served by permitting the Receiver to continue to control, manage, use, lease and sell the Property; and (iii) granting such other and further relief as is just and equitable.

## V.    LAW AND ARGUMENT

### A.    Relief from the Automatic Stay Is Appropriate for Cause, Because, Among Other Things, the Debtors Failed to Provide Antaramian Adequate Protection of Its Interest in Estate Property.

24.    Bankruptcy Code Section 362(d)(1) provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause, including lack of adequate protection." 11 U.S.C. § 362(d)(1).

---

[3] The Proposed Order was also submitted directly to the Court pursuant to the Court's prescribed Electronic Case Filing procedures.

25.     Debtors' blatant neglect of its responsibilities regarding the Property, including failure to maintain insurance on the respective properties, failure to pay real estate taxes, and failure to pay debts generally, demonstrate sufficient cause to modify the automatic stay to permit the Receiver to continue managing the Property.[4]    Antaramian Affidavit, ¶¶7 - 10; McHale Affidavit, ¶9.

26.     The automatic stay should be modified under Bankruptcy Code Section 362(d)(1) to the full extent necessary to permit the Receiver to continue to possess, control, manage, use, lease and sell the Property subject to the jurisdiction of the State Court.

**B.     Section 543 Relief Is Appropriate.**

27.     Bankruptcy Code Section 543(d)(1) provides that a bankruptcy court may excuse compliance with Sections 543(a), (b), and (c) if the interests of creditors would be better served by permitting a receiver to continue in possession.  *See* 11 U.S.C. § 543(d)(1); *In re WPAS, Inc.*, 6 B.R. 40, 43-44 (Bankr. M.D. Fla. 1980) (Bankruptcy Court granted request to excuse a state court-appointed receiver from complying with the requirement under 11 U.S.C. § 543(b) that the receiver turn over property to debtor as "the interest of *creditors* (emphasis supplied) would be better served" if receiver is "permitted to remain in the possession, custody and control of the properties of the Debtor"); *In re Poplar Springs Apartments of Atlanta, Ltd.*, 103 B.R. 146, 149 (Bankr. S.D. Ohio 1989) (Bankruptcy Court granted a creditor's request to excuse a state court-appointed receiver from complying with the requirement under 11 U.S.C. § 543(b) that the receiver turn over debtor's real property in which the creditor had a security interest, thereby allowing the receiver to remain in possession and control); *See also In re 400 Madison Avenue*

---

[4] The Receiver is fully prepared to provide any information requested by any Chapter 7 Trustee, U.S. Trustee, and the Court regarding the property of the assets and businesses he was managing prior to the commencement of this Bankruptcy case.

*Ltd. Partnership*, 213 B.R. 888 (Bankr. S.D. N.Y. 1997) (permitting receiver to preserve and care for the property does not bestow upon receiver all of the duties of a chapter 11 trustee).

28.     The interests of creditors may be assessed by analyzing (1) the likelihood of reorganization, (2) the probability that funds required for reorganization will be available, and (3) whether there were instances of mismanagement by a debtor. *Poplar Springs*, 103 B.R. at 150. Even if these three prongs are resolved in favor of the debtor, the court may excuse compliance if turnover would be injurious to creditors. *Id.* (citing *First Nat'l Bank v. Powers Aero Marine Serv. (In re Powers Aero Marine Serv.)*, 42 B.R. 540 (Bankr. S.D. Tex. 1984)).

### (1)     There Is No Likelihood of Reorganization.

29.     Debtor was placed in Chapter 7 due to its inability to pay its debts as they became due. Chapter 7 was created for the purpose of liquidating the assets of a debtor. As a result, the opportunity for reorganization in a Chapter 7 case does not exist. In addition to the first mortgage held by Antaramian and the mechanics lines held by Turrell and Forge, the Property is encumbered by multiple junior liens totaling millions of dollars. Tellingly, and despite broad notice to creditors of Debtor, the Debtor's creditors did not object to the appointment of the Receiver in the Foreclosure Action.

30.     Because the Debtor is now in chapter 7 and because of the layers of substantial mortgages and liens encumbering the Property, there is no likelihood of reorganization for Debtors and the first prong must be decided in favor of the Petitioning Creditors.

### (2)     Debtor Lacks the Income to Fund a Reorganization.

31.     There is limited income coming into the receivership estate.

32.     Any income generated from the current operations of the resort will not cover ongoing costs and expenses without outside funding. Mc Hale Affidavit, ¶11.

33.     Finally, maintaining and operating the Property requires the outlay of significant funds, the constant day-to-day oversight of numerous agents and employees and attention to numerous regulatory requirements.  Mc Hale Affidavit, ¶10.  The Receiver has assembled the appropriate agents and business practices to protect the Property and is actively doing so.  *Id.*

34.     Presently, the operations of the Property (as described above) do not generate sufficient income to cover all of the expenses that have been or will be incurred by the Receiver or a Trustee.  Mc Hale Affidavit, ¶11.  Fortunately, a source of postpetition financing is willing to advance funds for those purposes.  Mc Hale Affidavit, ¶12-13.  No other source of funds is available at this time.  *Id.*  Absent such funding, it would not be possible for anyone to maintain the Property, protect its value and maximize its value.  *Id.*

35.     Debtor lacks sufficient income to protect and preserve the Property and, in fact, was not protecting and preserving the Property prior to the Receiver's appointment, let alone possess the wherewithal to reorganize.

### (3)     Numerous Instances of Mismanagement of the Property Exist

36.     As described above, the instances of mismanagement by Debtor are multiple.

37.     Among other things, (a) real estate taxes are unpaid, (b) insurance was unpaid until the Receiver stepped forward to obtain and pay for insurance for the Property, (c) Debtor filed to pay other debts, including but not limited to the obligations owed to the Petitioning Creditors, (d) Debtor ignored state and local regulations, and (e) Debtor failed to maintain the Property.  Antaramian Affidavit ¶¶7 - 10; McHale Affidavit, ¶9.

38.     The State Court has already determined that Debtor should not be permitted to remain in possession and control of the Property after notice and an evidentiary hearing because

the Property was at risk.[5]  The Court should not permit Debtor to inflict further injury to the Property to the detriment of all creditors.

39.     The Chapter 7 Trustee has neither the funding nor the personnel needed to operate the Property.  Mc Hale Affidavit, ¶¶12-13  The lending source will not provide funding unless the Receiver remains in place.  *Id.*  Without the funding, the time and expense the Receiver has invested in stabilizing the Property will be for naught.  *Id.*  The Receiver should be permitted, within the parameters set by this Court,  to continue his efforts under the supervision of the State Court.  *Id.*

40.     This Court in *In re WPAS, Inc.*, 6 B.R. 40, 43 (Bankr. M.D. Fla. 1980) expressly emphasized the paramount interest of creditors in permitting a receiver to remain "in the possession, custody and control of the properties of the Debtor".  These same principles compel the relief requested herein.

## VI.     RESERVATION OF RIGHTS

41.     The Petitioning Creditors do not seek a broad stay relief in the Foreclosure Action.  This Motion is focused on permitting the Receiver, under the supervision of the State Court, to possess, control, manage, use, lease and sell the Property.  The Petitioning Creditors each reserves the right to seek such other and further relief, including stay relief, as any of them may from time to time require.

## VII.    REQUEST FOR RELIEF FROM BANKRUPTCY RULE 4001(A)(3)

42.     Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 10 days after the entry of the order, *unless the court orders otherwise*."  Fed. R. Bankr. P. 4001(a)(3) (emphasis added).  Given the demonstrated exigent circumstances here, and Debtor's

---

[5] Despite the fact that the Receiver Order is a final appealable order, the Debtor did not appeal the Receiver order.

manifest attempts to delay the Foreclosure Action, the Petitioning Creditors respectfully request that the Proposed Order, if entered, be effective immediately notwithstanding the ten-day stay imposed by Bankruptcy Rule 4001(a)(3).

## VIII.   NOTICE AND PRIOR MOTIONS

43.     The Petitioning Creditors served copies of the Motion and this Memorandum in Support on the (i) Debtor, (ii) the Debtor's counsel, (iii) the Chapter 7 Trustee, (iv) the United States Trustee, (v) the Receiver, (vi) the Receiver's counsel, (vii) all entities known by the Petitioning Creditors to have filed a notice of appearance or request for receipt of notices and pleadings filed in the Bankruptcy case as of the date hereof and (viii) all parties known to Petitioning Creditors to have an interest in any of the Property and named as Defendants in the Foreclosure Action.  This is Petitioning Creditors' first request for the relief set forth herein.

## IX.   CONCLUSION

WHEREFORE, Petitioning Creditors respectfully requests that this Court enter an order (1) modifying the automatic stay to permit the Receiver to act under the supervision of the State Court, in accordance with the duties and responsibilities imposed upon and granted to him pursuant the Receiver Order, to possess, control, manage, use, lease and sell the Property; (2) pursuant to Section 543(d)(1), excusing the Receiver from compliance with Bankruptcy Code Sections 543(a), (b) and (c); and (3) granting such other and further relief to which Petitioning

Creditors are entitled and is just and equitable.

Respectfully submitted,

/s/ John S. Sarrett
_____
Theodore L. Tripp, Jr.
John S. Sarrett
HAHN LOESER & PARKS LLP
2532 First Street
Fort Myers, FL 33901-2431
Phone:    (239) 337-6700
Fax:        (239) _____
Email:    ttripp@hahnlaw.com
                jssarrett@hahnlaw.com

*Attorneys for Antaramian Properties, LLC*


/s/ Timothy R. Qualls (see attached)
_____
Timothy R. Qualls
Roy Young
Young Van Assenderp, P.A.
225 S. Adams Street, Suite 300
Tallahassee, FL 32301
Phone:  850-222-7206
Fax:  850-561-6834
E-mail:  tqualls@yvlaw.net

*Attorneys for Young Van Assenderp, P.A.*


/s/ Mark H. Muller (see attached)
_____
Mark H. Muller
MARK H. MULLER, P.A.
5150 Tamiami Trial N., Suite 303
Naples, FL 34103
Phone:    (239) 774-1436
Fax:        (239) _____
Email:    mark@mullerlawnaples.com

*Attorneys for Turrell, Hall & Associates, Inc.*

4281678.4

_____

/s/ Andrew Solis (see attached)
_____

Andrew Solis
COHEN & GRIGSBY
27200 Riverview Center Blvd.
Bonita Springs, FL 34134-4317
Phone: 239-390-1900
Fax:    239-390-1901
Email:    asolis@cohenlaw.com

*Attorneys for Forge Engineering, Inc.*

_____

4281678.4

Creditors are entitled and is just and equitable.

Respectfully submitted,

/s/ John S. Sarrett

Theodore L. Tripp, Jr.
John S. Sarrett
HAHN LOESER & PARKS LLP
2532 First Street
Fort Myers, FL 33901-2431
Phone:   (239) 337-6700
Fax:     (239) _____
Email:   ttripp@hahnlaw.com
         jssarrett@hahnlaw.com

*Attorneys for Antaramian Properties, LLC*

Timothy R. Qualls
Roy Young
Young Van Assenderp, P.A.
225 S. Adams Street, Suite 300
Tallahassee, FL 32301
Phone:  850-222-7206
Fax:  850-561-6834
E-mail:  tqualls@yvlaw.net

*Attorneys for Young Van Assenderp, P.A.*

/s/ Mark H. Muller (see attached)

Mark H. Muller
MARK H. MULLER, P.A.
5150 Tamiami Trial N., Suite 303
Naples, FL 34103
Phone:   (239) 774-1436
Fax:     (239) _____
Email:   mark@mullerlawnaples.com

*Attorneys for Turrell, Hall & Associates,
Inc.*

Creditors are entitled and is just and equitable.

Respectfully submitted,

/s/

Theodore L. Tripp, Jr.
John S. Sarrett
HAHN LOESER & PARKS LLP
2532 First Street
Fort Myers, FL 33901-2431
Phone:   (239) 337-6700
Fax:      (239) _____
Email:   ttripp@hahnlaw.com
            jssarrett@hahnlaw.com

*Attorneys for Antaramian Properties, LLC*

Timothy R. Qualls
Roy Young
Young Van Assenderp, P.A.
225 S. Adams Street, Suite 300
Tallahassee, FL 32301
Phone: 850-222-7206
Fax: 850-561-6834
E-mail: tqualls@yvlaw.net

*Attorneys for Young Van Assenderp, P.A.*

Mark H. Muller   *FLA. BAR. NO  899275*
MARK H. MULLER, P.A.
5150 Tamiami Trial N., Suite 303
Naples, FL 34103
Phone:   (239) 774-1436
Fax:      (239) 774-3426
Email:   mark@mullerlawnaples.com

*Attorneys for Turrell, Hall & Associates,
Inc.*

15

4281678.4

Andrew Solis
COHEN & GRIGSBY
27200 Riverview Center Blvd.
Bonita Springs, FL 34134-4317
Phone: 239-390-1900
Fax:     239-390-1901
Email:   asolis@cohenlaw.com

*Attorneys for Forge Engineering, Inc.*

4281678.4

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on this 19th day of October 2011, a true and correct copy of the foregoing was served via U.S. first-class mail, postage prepaid, upon:

**Richard H. Critchlow, Esquire**
**Robert D. W. Landon, III, Esquire**
**Patrick G. Dempsey, Esquire**
KENNY NACHWALTER, P.A.
Miami Center-Suite 1100
201 South Biscayne Boulevard
Miami, FL 33131
rhc@kennynachwalter.com
rdl@kennynachwalter.com
pgd@kennynachwalter.com
*Counsel for F. Fred Pezeshkan*

**Bryan T. West, Esquire**
**Brian T. Tague, Esquire**
TEW CARDENAS LLP
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, FL 33131-3430
btw@tewlaw.com
bt@tewlaw.com
*Counsel for Basil Street Partners and*
*Knightsbridge Partners of Naples, LLC*

**David Kendall, Esquire**
**Simon Latcovich, Esquire**
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
dkendall@wc.com
slatcovich@wc.com
*Counsel for Iraj Zand and Raymond Sehayek*

**George Knott, Esquire**
**Natly Torres-Alvarado, Esquire**
KNOTT, CONSOER, EBELINI,
    HART & SWETT, P.A.
1625 Hendry Street
Fort Myers, FL 33901
gknott@knott-law.com
ntorres-alvarado@knott-law.com
*Counsel for Iraj Zand and Raymond Sehayek*

**Michael R. Whitt, Esquire**
BECKER & POLIAKOFF
12140 Carissa Commerce Court, Suite 200
Fort Myers, FL 33966
mwhitt@becker-poliakoff.com
*Counsel for Naples Bay Resort West Parcel*
*Master Property Owners' Association, Inc.;*
*The Residence I at Naples Bay Resort*
*Condominium Association, Inc.; The Hotel at*
*Naples Bay Resort Condominium Association,*
*Inc.; The Marina Condominium at Naples Bay*
*Resort Association, Inc.*

**Jason Hamilton Mikes, Esquire**
HAMILTON MIKES, P.A.
9130 Galleria Court, Suite 328
Naples, FL 34109
Jason@HamiltonMikes.com
*Co-Counsel for The Hotel at Naples Bay*
*Resort Condominium Association, Inc.*

**J. Michael Coleman, Esquire**
COLEMAN, HAZZARD & TAYLOR, P.A.
2640 Golden Gate Pkwy., Suite 304
Naples, FL 34105
mcoleman@chtlegal.com
*Counsel for Snyder Industries, Inc.*

**Mark H. Muller, Esquire**
MARK H. MULLER, P.A.
5150 Tamiami Trail North
Suite 303
Naples, FL 34103
mark@mullerlawnaples.com
*Counsel for Turrell, Hall & Associates, Inc.*

**Alan M. Grunspan, Esquire**
**Michael E. Strauch, Esquire**
CARLTON FIELDS, P.A.
100 Southeast Second Street
Suite 300
Miami, FL 33131
agrunspan@carltonfields.com
mstrauch@carltonfields.com
*Counsel for Fifth Third Bank*

**J. Jeffrey Rice, Esquire**
GOLDSTEIN, BUCKLEY, CECHMAN,
   RICE & PURTZ, P.A.
1515 Broadway Street
Fort Myers, FL 33901
jrice@gbclaw.com
*Counsel for Receiver Gerard A. McHale, Jr.*

**Lori V. Vaughan, Esquire**
**Lindsay Patrick Lopez, Esquire**
TRENAM, KEMKER, SCHARF, BARKIN,
   FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard
Suite 1700
Tampa, FL 33602
lvaughan@trenam.com
llopez@trenam.com
*Counsel for Regions Bank*

**John C. Clough, Esquire**
AKERMAN, SENTERFITT
1415 Panther Lane, Suite 250
Naples, FL 34109
john.clough@akerman.com
*Counsel for RBC Bank*

**Basil Street Partners, LLC**
3530 Kraft Rd., Suite 204
Naples, FL 34105

**Young Van Assenderp, P.A.**
Gallie's Hall
225 South Adams Street, Suite 300
Post Office Box 1833
Tallahassee, FL 32301

/s/ John S. Sarrett
*One of the Attorneys for Antaramian Properties, LLC*

4281678.4