# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-19510 |
| | ) | |
| BASIL STREET PARTNERS, LLC, | ) | Judge |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

## EMERGENCY MOTION OF PETITIONING CREDITORS FOR THE IMMEDIATE APPOINTMENT OF AN INTERIM TRUSTEE PURSUANT TO SECTION 303(g) OF THE BANKRUPTCY CODE

Antaramian Properties, LLC ("Antaramian"), the holder of the first mortgage on the property of Basil Street Partners, LLC (the "Debtor") whose mortgage debt is undersecured by not less than $10,000; Young Van Assenderp, P.A. ("Young"), a general unsecured creditor of Debtor whose debt is not less than $10,000; Turrell, Hall & Associates, Inc. ("Turrell"), the holder of a mechanics lien on the property of Debtor whose debt is undersecured by not less than $10,000; and Forge Engineering, Inc. ("Forge" and together with Antaramian, Young and Turrell, the "Petitioning Creditors"), the holder of a mechanics lien on the property of Debtor whose debt is undersecured by not less than $10,000; and each a creditor and party in interest in the above-captioned chapter 7 bankruptcy proceedings, by and through their respective undersigned counsel, hereby move this Court (the "Motion") on an emergency basis to order the appointment of an interim trustee pursuant to section 303(g) of title 11 of the United States Code (the "Bankruptcy Code"). In support thereof, the Petitioning Creditors respectfully state as follows:

1. On October 18, 2011 (the "Petition Date") and pursuant to section 303(a) of the Bankruptcy Code, the Petitioning Creditors commenced an involuntary Chapter 7 case against Basil Street Partners, LLC (the "Debtor").

4284134.3

2. A duly qualified receiver, Gerard A. McHale, Jr. (the "Receiver"), with the support of the Petitioning Creditors, including Antaramian, an undersecured holder of the first and best mortgage on the Debtor's property, is protecting substantially all of the real and tangible personal property of the Debtor. Pending a hearing on this Motion, the Receiver is acting under the authority of Bankruptcy Code Section 543(a) to take such action as is necessary to preserve such property. This Court's order for the appointment of an interim trustee is absolutely necessary to preserve the property of the estate as well as to prevent loss to the estate, so that the trustee, through the Receiver, can consummate a transaction providing postpetition financing necessary to preserve and protect the Debtor's property for the benefit of all creditors. Separately, the Petitioning Creditors have filed a motion to lift the stay and to excuse the Receiver from the duty to turn over property to the Debtors (the "Relief Motion").

## I. BACKGROUND

### A. Debtor has Defaulted on Its Debts

3. Debtor has defaulted on its debts and obligations in connection with the Business and the Property (each as defined below). As evidenced by the Involuntary Petition (as defined below), Debtor has not paid its debts as they have become due.

### B. Debtor has Defaulted on Its Indebtedness to Antaramian.

4. Antaramian is the owner and holder of that certain mortgage loan first extended to Debtor by AmSouth Bank in connection with that certain business known as the Naples Bay Resort (the "Business"). Debtor defaulted on the loan and Regions Bank, as assignee of AmSouth Bank, in accordance with the terms of the loan, accelerated the amounts due.

5. On or about September 29, 2010, Regions Bank assigned the loan to Antaramian. See Affidavit of Jack Antaramian in Support of the Relief Motion filed herewith (the "Antaramian Affidavit"). As the owner and holder of the loan, Antaramian continued to
2

4284134.3

prosecute that certain foreclosure action against Debtor in the State Court, a civil action presently captioned as *Antaramian Properties, LLC v. Basil Street Partners, LLC, et al.,* Case No. 10-1269-CA (the "Foreclosure Action"), to (a) to foreclose certain liens and security interests in real and personal property located in Collier County, Florida (as defined below, the "Property"); (b) to recover damages under the promissory note secured by such liens and security interests; and (c) to recover damages under certain related guaranty agreements. The Property subject to foreclosure (the "Mortgaged Property") is described in detail in the Lis Pendens filed in the Foreclosure Action on February 18, 2010 and includes, but is not limited to: land; residential, hotel and marina condominium units; hotel commercial space; and a marina located on the west parcel of Naples Bay Resort (the "Naples Bay West Parcel"). The Mortgaged Property also includes a clubhouse facility and a laundry building located on the east parcel of Naples Bay Resort (the "Naples Bay East Parcel") and lots on Keewaydin Island.

### C. Debtor Remains Obligated on the Loan

6. The loan (the "Loan", as defined in and as described in greater detail in the Antaramian Affidavit, which is incorporated as if set forth in full herein, and the Affidavit of Russell Phillips, Vice President of Commercial Real Estate Lending for Regions Bank, filed in the Foreclosure Action, a true copy of which is attached to the Antaramian Affidavit and which likewise is incorporated as if set forth in full herein (the "Phillips Affidavit")) remains in default.

7. The pertinent loan documents (the "Loan Documents"), as described in the Phillips Affidavit establish that the Loan is secured by virtually all of the real property and personal property of the Debtor and the proceeds generated by such property or from the sale or disposition of that property.

8.  The property currently is in the custody and control of the Receiver (as defined herein) as more fully described in the Affidavit of Gerard A. McHale, Jr. in Support of the Relief Motion filed herewith (the "McHale Affidavit").

9.  Debtor is in default for, *inter alia*, failing to make certain payments due under the terms of the Loan Agreement and Note. As such, the terms of the Loan have been broken.

**D. The Receiver Presently Is Responsible, among other things, to Possess, Protect, Preserve, Control, Manage, Use, License, Lease, Market and Sell the Property.**

10.  On or about October 8, 2010, the State Court in the Foreclosure Action appointed Gerard A. McHale, Jr. as the receiver (the "Receiver") over the Property. A copy of the Order Appointing Receiver (the "Receiver Order") entered by the State Court is attached to the McHale Affidavit as **Exhibit "1".** On or about October 13, 2010, Mr. McHale filed the requisite oath and bond with the State Court.

11.  On or about December 2, 2010, the Receiver filed an inventory of the Property (the "Inventory"). A copy of the Inventory is **Exhibit "2"** to the McHale Affidavit.

**E. Debtor has Defaulted on Obligations to Young, Turrell and Forge.**

12.  Young, Turrell and Forge provided goods and services in connection with the construction, improvement, repair and/or maintenance of the Mortgaged Property.

13.  Debtor defaulted on its payment obligations to Young, Turrell and Forge. Turrell and Forge both filed mechanics' liens against the Mortgaged Property. The claims of Young, Turrell and Forge remain unpaid.

**F. The Petitioning Creditors filed an Involuntary Chapter 7 Petition Against Debtor as Debtor has Failed to Pay Its Debts as they have Become Due.**

14. On October 18, 2011 (the "Petition Date"), the Petitioning Creditors filed an involuntary petition under chapter 7 of the Bankruptcy Code against Debtor (the "Involuntary Petition"). Debtor has failed to pay its debts as they have become due.

**G. The Receiver Continues In Possession of the Property and is Maintaining The Property.**

15. The Property that is the subject of the Foreclosure Action is currently being operated by the Receiver. McHale Affidavit, ¶5.

16. The Receiver has taken possession and control of the Property, performed on site review of the Property, catalogued the inventory, and is maintaining the Property. McHale Affidavit, ¶6.

17. As of the Petition Date, and pursuant to the Receiver Order, the Receiver had issued $1,228,000 in Receiver's Certificates to fund the operating losses experienced by the Property during his tenure. McHale Affidavit, ¶7.

18. The Receiver, and his counsel, Goldstein, Buckley, Cechman, Rice & Purtz, P.A. (the "Goldstein Firm"), together have incurred not less than $246,275 in unpaid fees and expenses in connection with the Receiver's operation of the Property. McHale Affidavit, ¶8. The Receiver contemplated preparing solicitation materials to market and offer the Property for sale, but continuing losses have prevented the commencement of any marketing process. *Id.*

**H. Debtor Mismanaged the Property by Failing to Maintain Insurance, Pay Real Estate Taxes, Pay Its Debts, Maintain the Property and Comply with State and Federal Regulations for the Operation of the Businesses.**

19. Debtor has hopelessly mismanaged the Property. Antaramian Affidavit, ¶10. Prior to the appointment of the Receiver and prior to taking control of the Property, Debtor endangered the Property by failing to maintain insurance, pay real estate taxes, pay debts and maintain business operations. McHale Affidavit, ¶9. Moreover, Debtor owes delinquent real

5

estate taxes relating to the Real Property in the total amount of approximately $450,000 for the tax year 2009. *Id*.

20. Based upon the non-payment of insurance, real estate taxes and other debts, and the significant time and expense invested in maximizing recovery for the benefit of the creditors of Debtors, the Petitioning Creditors' unequivocal conclusion is that Debtors have mismanaged the Property. Antaramian Affidavit, ¶10; McHale Affidavit, ¶9.

21. Maintaining and operating the Property, requires the outlay of significant funds, the constant day-to-day oversight of numerous employees and attention to a range of regulatory requirements. McHale Affidavit. ¶10. The Receiver has assembled the appropriate agents, counsel, and business practices to protect the Property and is actively doing so. *Id.*

22. Presently, the operations of the Property do not generate sufficient income to cover all of the expenses that have been or will be incurred by the Receiver or a Trustee. McHale Affidavit, ¶1 While the Receiver had successfully placed $1,228,000 in Receiver's certificates to raise funding necessary to operate the Property in the short term, the Receiver has been unable to place any more such certificates, despite the urgent need for operating capital. *Id.*

23. No other source of funds is available to the Receiver outside of bankruptcy. Antaramian Affidavit, ¶13. Absent funding from EFO Financial Group, Inc. through postpetition financing under Section 364, it will not be possible for anyone to maintain the Property, protect its value and maximize its value. McHale Affidavit, ¶¶12-13.

24. The appointment of an interim trustee during the period between the filing of the involuntary chapter 7 case and the order for relief in this case (the "Gap Period") is necessary to preserve the value of the estate.

4284134.3

## JURISDICTION

25. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(b). Venue of this proceeding and for the Motion is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (M) and (O). The predicates for the relief requested herein are Bankruptcy Code Sections 303(g) and 105(a), and Bankruptcy Rule 2001.

## II. RELIEF REQUESTED

26. As set forth more fully in the prayer for relief below, the Petitioning Creditors respectfully request that the Court order the appointment of an interim trustee pursuant to section 303(g) of the Bankruptcy Code.

## LAW AND ANALYSIS

27. In order to preserve the property of the estate and to prevent further loss to the creditors and estate of the Debtor, it is imperative that an interim trustee be appointed as provided for in section 303(g) of the Bankruptcy Code and in Bankruptcy Rule 2001(a). Section 303(g) of the Bankruptcy Code provides in pertinent part:

> At any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in the case, the court, on request of a party in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor...

Bankruptcy Rule 2001 provides that the court on written motion of a party in interest may order the appointment of an interim trustee and requires the movant to furnish a bond in an amount approved by the court, conditioned to indemnify the debtor for costs, attorney fees, expenses and damages allowable under section 303(i) of the Bankruptcy Code before the court may enter an order instructing the United States Trustee to appoint an interim trustee.

7

27. Courts have ordered the appointment of Interim Trustees pursuant to section 303(g) of the Bankruptcy Code in instances where the appointment would protect and preserve property of the estate, *In re Alpine Nursery & Lumber*, 13 B.R. 977, 979 (Bankr. S.D. Cal., 1931); *In re Reed*, 11 B.R. 755, 757(S.D.W.Va. 1981), prevent concealment, waste or loss of assets by the alleged debtor, *In re Alpine Nursery & Lumber*, 13 B.R. at 979, *In re Rush,* 10 B.R. 518, 523 (Bankr. N.D. Ala. 1980) or prevent irreparable harm which would likely result between the time of the filing of the petition and the scheduled hearing. *In re Reed,* 11 B.R. at 757.

28. In this matter, the appointment of an interim trustee is necessary to preserve and protect the interests of the creditors of Debtor. The ongoing State Court litigation involving the Debtor, including the Foreclosure Action, is merely detracting from the value of the Debtor's estate. The Receiver is unable to raise the funds necessary to operate the Debtor's assets.

29. The only funding source available, EFO Financial Group, LLC ("EFO"), will not provide funding unless the Receiver remains in place, or some responsible fiduciary acceptable to EFO in its sole discretion is operating the Property. The funding required by EFO must be provided under Section 364 of the Bankruptcy Code. The Receiver cannot obtain the funding without a trustee in place to obtain the financing. Without the funding, the time and expense the Receiver has invested in stabilizing the Property will be for naught.

30. The Receiver should be permitted, within the parameters set by this Court, to continue his efforts under the supervision of the State Court. Thus, Debtor's assets will be best preserved and protected under the oversight of an Interim Trustee, through the Receiver. For these reasons, the immediate appointment of an interim trustee is necessary and appropriate. An interim Trustee should be appointed immediately.

**CONCLUSION**

Based on the above, the appointment of an interim trustee is necessary to prevent loss and to preserve value to the estate. Petitioning Creditors, therefore, respectfully request that this Court enter an Order directing the United States Trustee to appoint an interim trustee, pursuant to section 303(g) of the Bankruptcy Code, as soon as possible, and granting such other and further relief to which Petitioning Creditors are entitled and is just and equitable.

Respectfully submitted,

/s/ John S. Sarrett

Theodore L. Tripp, Jr.
John S. Sarrett
HAHN LOESER & PARKS LLP
2532 First Street
Fort Myers, FL 33901-2431
Phone: (239) 337-6700
Fax: (239) 254-7716
Email: ttripp@hahnlaw.com
jssarrett@hahnlaw.com

*Attorneys for Antaramian Properties, LLC*

/s/ Timothy R. Qualls (see attached)

_____

Timothy R. Qualls
Roy Young
Young Van Assenderp, P.A.
225 S. Adams Street, Suite 300
Tallahassee, FL 32301
Phone: 850-222-7206
Fax: 850-561-6834
E-mail: tqualls@yvlaw.net

*Attorneys for Young Van Assenderp, P.A.*

/s/ Mark H. Muller (see attached)

_____

Mark H. Muller
MARK H. MULLER, P.A.
5150 Tamiami Trial N., Suite 303
Naples, FL 34103
Phone: (239) 774-1436

9

Fax: (239) _____
Email: mark@mullerlawnaples.com

*Attorneys for Turrell, Hall & Associates, Inc.*

/s/ Andrew Solis (see attached)
_____
Andrew Solis
COHEN & GRIGSBY
27200 Riverview Center Blvd.
Bonita Springs, FL 34134-4317
Phone: 239-390-1900
Fax: 239-390-1901
Email: asolis@cohenlaw.com

*Attorneys for Forge Engineering, Inc.*

## CONCLUSION

Based on the above, the appointment of an interim trustee is necessary to prevent loss and to preserve value to the estate. Petitioning Creditors, therefore, respectfully request that this Court enter an Order directing the United States Trustee to appoint an interim trustee, pursuant to section 303(g) of the Bankruptcy Code, as soon as possible, and granting such other and further relief to which Petitioning Creditors are entitled and is just and equitable.

Respectfully submitted,

/s/ John S. Sarrett

Theodore L. Tripp, Jr.
John S. Sarrett
HAHN LOESER & PARKS LLP
2532 First Street
Fort Myers, FL 33901-2431
Phone: (239) 337-6700
Fax: (239) _____
Email: ttripp@hahnlaw.com
jssarrett@hahnlaw.com

*Attorneys for Antaramian Properties, LLC*

Timothy R. Qualls
Roy Young
Young Van Assenderp, P.A.
225 S. Adams Street, Suite 300
Tallahassee, FL 32301
Phone: 850-222-7206
Fax: 850-561-6834
E-mail: tqualls@yvlaw.net

*Attorneys for Young Van Assenderp, P.A.*

/s/ Mark H. Muller (see attached)

Mark H. Muller
MARK H. MULLER, P.A.
5150 Tamiami Trial N., Suite 303
Naples, FL 34103
Phone: (239) 774-1436

9

4284134.3

## CONCLUSION

Based on the above, the appointment of an interim trustee is necessary to prevent loss and to preserve value to the estate. Petitioning Creditors, therefore, respectfully request that this Court enter an Order directing the United States Trustee to appoint an interim trustee, pursuant to section 303(g) of the Bankruptcy Code, as soon as possible, and granting such other and further relief to which Petitioning Creditors are entitled and is just and equitable.

Respectfully submitted,

/s/
_____
Theodore L. Tripp, Jr.
John S. Sarrett
HAHN LOESER & PARKS LLP
2532 First Street
Fort Myers, FL 33901-2431
Phone: (239) 337-6700
Fax: (239) _____
Email: ttripp@hahnlaw.com
jssarrett@hahnlaw.com

*Attorneys for Antaramian Properties, LLC*

_____
Timothy R. Qualls
Roy Young
Young Van Assenderp, P.A.
225 S. Adams Street, Suite 300
Tallahassee, FL 32301
Phone: 850-222-7206
Fax: 850-561-6834
E-mail: tqualls@yvlaw.net

*Attorneys for Young Van Assenderp, P.A.*

_____
Mark H. Muller  FLR, BAR NO. 897275
MARK H. MULLER, P.A.
5150 Tamiami Trial N., Suite 303
Naples, FL 34103

9

4284134.3

Phone: (239) 774-1436
Fax: (239) _____
Email: mark@mullerlawnaples.com

*Attorneys for Turrell, Hall & Associates, Inc.*

Andrew Solis
COHEN & GRIGSBY
27200 Riverview Center Blvd.
Bonita Springs, FL 34134-4317
Phone: 239-390-1900
Fax: 239-390-1901
Email: asolis@cohenlaw.com

*Attorneys for Forge Engineering, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October 2011, a true and correct copy of the foregoing was served via U.S. first-class mail, postage prepaid, upon:

**Richard H. Critchlow, Esquire**
**Robert D. W. Landon, III, Esquire**
**Patrick G. Dempsey, Esquire**
KENNY NACHWALTER, P.A.
Miami Center-Suite 1100
201 South Biscayne Boulevard
Miami, FL 33131
rhc@kennynachwalter.com
rdl@kennynachwalter.com
pgd@kennynachwalter.com
*Counsel for F. Fred Pezeshkan*

**Bryan T. West, Esquire**
**Brian T. Tague, Esquire**
TEW CARDENAS LLP
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, FL 33131-3430
btw@tewlaw.com
bt@tewlaw.com
*Counsel for Basil Street Partners and Knightsbridge Partners of Naples, LLC*

**David Kendall, Esquire**
**Simon Latcovich, Esquire**
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005
dkendall@wc.com
slatcovich@wc.com
*Counsel for Iraj Zand and Raymond Sehayek*

**George Knott, Esquire**
**Natly Torres-Alvarado, Esquire**
KNOTT, CONSOER, EBELINI,
    HART & SWETT, P.A.
1625 Hendry Street
Fort Myers, FL 33901
gknott@knott-law.com
ntorres-alvarado@knott-law.com
*Counsel for Iraj Zand and Raymond Sehayek*

**Michael R. Whitt, Esquire**
BECKER & POLIAKOFF
12140 Carissa Commerce Court, Suite 200
Fort Myers, FL 33966
mwhitt@becker-poliakoff.com
*Counsel for Naples Bay Resort West Parcel Master Property Owners' Association, Inc.; The Residence I at Naples Bay Resort Condominium Association, Inc.; The Hotel at Naples Bay Resort Condominium Association, Inc.; The Marina Condominium at Naples Bay Resort Association, Inc.*

**Jason Hamilton Mikes, Esquire**
HAMILTON MIKES, P.A.
9130 Galleria Court, Suite 328
Naples, FL 34109
Jason@HamiltonMikes.com
*Co-Counsel for The Hotel at Naples Bay Resort Condominium Association, Inc.*

| | |
|---|---|
| **J. Michael Coleman, Esquire**<br>COLEMAN, HAZZARD & TAYLOR, P.A.<br>2640 Golden Gate Pkwy., Suite 304<br>Naples, FL 34105<br>mcoleman@chtlegal.com<br>*Counsel for Snyder Industries, Inc.* | **Mark H. Muller, Esquire**<br>MARK H. MULLER, P.A.<br>5150 Tamiami Trail North<br>Suite 303<br>Naples, FL 34103<br>mark@mullerlawnaples.com<br>*Counsel for Turrell, Hall & Associates, Inc.* |
| **Alan M. Grunspan, Esquire**<br>**Michael E. Strauch, Esquire**<br>CARLTON FIELDS, P.A.<br>100 Southeast Second Street<br>Suite 300<br>Miami, FL 33131<br>agrunspan@carltonfields.com<br>mstrauch@carltonfields.com<br>*Counsel for Fifth Third Bank* | **J. Jeffrey Rice, Esquire**<br>GOLDSTEIN, BUCKLEY, CECHMAN,<br>   RICE & PURTZ, P.A.<br>1515 Broadway Street<br>Fort Myers, FL 33901<br>jrice@gbclaw.com<br>*Counsel for Receiver Gerard A. McHale, Jr.* |
| **Lori V. Vaughan, Esquire**<br>**Lindsay Patrick Lopez, Esquire**<br>TRENAM, KEMKER, SCHARF, BARKIN,<br>   FRYE, O'NEILL & MULLIS, P.A.<br>101 East Kennedy Boulevard<br>Suite 1700<br>Tampa, FL 33602<br>lvaughan@trenam.com<br>llopez@trenam.com<br>*Counsel for Regions Bank* | **John C. Clough, Esquire**<br>AKERMAN, SENTERFITT<br>1415 Panther Lane, Suite 250<br>Naples, FL 34109<br>john.clough@akerman.com<br>*Counsel for RBC Bank* |
| **Basil Street Partners, LLC**<br>3530 Kraft Rd., Suite 204<br>Naples, FL 34105 | **Young Van Assenderp, P.A.**<br>Gallie's Hall<br>225 South Adams Street, Suite 300<br>Post Office Box 1833<br>Tallahassee, FL 32301 |

/s/ John S. Sarrett
*One of the Attorneys for Antaramian Properties, LLC*