# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-19510 |
| | ) | |
| BASIL STREET PARTNERS, LLC, | ) | Judge |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

**AFFIDAVIT OF JACK ANTARAMIAN IN SUPPORT OF EMERGENCY MOTION OF PETITIONING CREDITORS (1) PURSUANT TO BANKRUPTCY CODE SECTION 362(d) FOR RELIEF FROM THE AUTOMATIC STAY AND (2) PURSUANT TO BANKRUPTCY CODE SECTION 543(d) TO EXCUSE COMPLIANCE WITH BANKRUPTCY CODE SECTIONS 543(a), (b) AND (c)**

STATE OF FLORIDA  )
                            ) SS:
COUNTY OF LEE  )

I, Jack Antaramian ("Affiant"), being first duly sworn, deposes and state as follows:

1. I am over 21 years of age, and have personal knowledge of the matters stated herein.

2. As described herein, Gerard A. McHale, Jr. ("Receiver") serves as the Receiver over the property of Basil Street Partners, LLC (the "Debtor") including without limitation that certain business known as the Naples Bay Resort (the "Business").

3. Debtor is obligated under that certain Loan (as defined herein) in connection with the Business. Debtor defaulted on the Loan and the obligee, Regions Bank, as successor in interest by merger to AmSouth Bank, in accordance with the terms of the Loan, accelerated the amounts due. By virtue of certain assignments, Antaramian Properties, LLC ("Antaramian"), of which I am the Managing Member, is presently the owner and holder of that certain mortgage loan first extended to Debtor by AmSouth Bank in connection with that Business.

4281699.4

4. Attached to this Affidavit is a true copy of the Affidavit of Russell Phillips, Vice President of Commercial Real Estate Lending for Regions Bank, filed in the Foreclosure Action, which is incorporated as if set forth in full herein (the "Phillips Affidavit").

5. The Phillips Affidavit describes the Loan and authenticates the pertinent loan documents, each of which is incorporated as if set forth in full herein.

6. As the owner and holder of the loan, Antaramian continued to prosecute that certain foreclosure action against Debtor in the State Court, a civil action presently captioned as *Antaramian Properties, LLC v. Basil Street Partners, LLC, et al.,* Case No. 10-1269-CA (the "Foreclosure Action"), to (a) to foreclose certain liens and security interests in real and personal property located in Collier County, Florida (as defined below, the "Property"); (b) to recover damages under the promissory note secured by such liens and security interests; and (c) to recover damages under certain related guaranty agreements. The Property subject to foreclosure (the "Mortgaged Property") is described in detail in the Lis Pendens filed in the Foreclosure Action on February 18, 2010 and includes, but is not limited to: land; residential, hotel and marina condominium units; hotel commercial space; and a marina located on the west parcel of Naples Bay Resort (the "Naples Bay West Parcel"). The Mortgaged Property also includes a clubhouse facility and a laundry building located on the east parcel of Naples Bay Resort (the "Naples Bay East Parcel") and lots on Keewaydin Island.

7. Debtor has defaulted on its debts and obligations in connection with the Business and the Property (as defined below). As evidenced by the Involuntary Petition (as defined below), Debtor has not paid its debts as they have become due, including without limitation its debts to Young Van Assenderp, P.A. ("Young"), Turrell, Hall & Associates, Inc. ("Turrell") and Forge Engineering, Inc. ("Forge"), among others, for goods and services they provided in connection with the construction, improvement, repair and/or maintenance of the Property.

8. Turrell and Forge both filed mechanics' liens against the Mortgaged Property. The claims of Young, Turrell and Forge remain unpaid.

9. On October 18, 2011 (the "Petition Date"), as Debtor has failed to pay its debts as they have become due, Antaramian, Young, Turrell and Forge (the "Petitioning Creditors") filed with the United States Bankruptcy Court for the Middle District of Florida at Fort Myers an involuntary petition under chapter 7 of the Bankruptcy Code against Debtor (the "Involuntary Petition").

10. Debtor has hopelessly mismanaged the Property. Prior to the appointment of the Receiver and prior to taking control of the Property, Debtor endangered the Property by failing to maintain insurance, pay real estate taxes, pay debts and maintain business operations. The Property that is the subject of the Foreclosure Action is currently being operated by the Receiver.

11. Maintaining and operating the Property, requires the outlay of significant funds, the constant day-to-day oversight of numerous employees and attention to a range of regulatory requirements. The Receiver has assembled the appropriate agents, counsel, and business practices to protect the Property and is actively doing so.

12. Presently, the operations of the Property do not generate sufficient income to cover all of the expenses that have been or will be incurred by the Receiver or a Trustee. While the Receiver had successfully placed certain Receiver's certificates to raise funding necessary to operate the Property in the short term, the Receiver has been unable to place any more such certificates, despite the urgent need for operating capital.

13. No other source of funds is available to the Receiver outside of bankruptcy. Absent funding from EFO Financial Group, Inc. ("EFO") through postpetition financing under Section 364, to cover operating expenses, including the fees and costs of the Receiver, it will not be possible to maintain the Property, protect its value and maximize its value.

14. The Chapter 7 Trustee has neither the funding nor the personnel needed to operate the Property. The lending source will not provide funding unless the Receiver remains in place, or some responsible fiduciary acceptable to EFO in its sole discretion is operating the Property. Without the funding, the time and expense the Receiver has invested in stabilizing the Property will be for naught. The Receiver should be permitted, within the parameters set by this Court, to continue his efforts under the supervision of the State Court.

15. The Petitioning Creditors respectfully request that the Court enter an order, substantially in the form of the proposed order attached to this Affidavit as **Exhibit "1"** (the "Proposed Order") (i) modifying the automatic stay of Bankruptcy Code Section 362 to the full extent necessary to permit the Receiver to continue to possess, control, manage, use, lease and sell the Property subject to the jurisdiction of the State Court, (ii) pursuant to Bankruptcy Code Section 543(d)(1), excusing compliance with Bankruptcy Code Sections 543(a), (b), and (c) because the interests of the Debtor's creditors are better served by permitting the Receiver to continue to control, manage, use, lease and sell the Property; and (iii) granting such other and further relief as is just and equitable.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

FURTHER AFFIANT SAYETH NAUGHT.

/s/ Jack Antaramian (see attached)
Jack Antaramian

STATE OF FLORIDA           )
                           ) ss:
COUNTY OF Collier          )

The foregoing was SWORN TO AND SUBSCRIBED BEFORE ME on this 17th day of October, 2011, by Jack Antaramian who is [X] personally known to me or who [ ] produced a driver's license as identification, and being duly sworn, deposes and says that the foregoing is true and correct..

/s/ Renae D. Fliflet
Notary Public
Print Name: Renae D. Fliflet
My Commission Expires: June 09, 2012

Notary Public

FURTHER AFFIANT SAYETH NAUGHT.

_____
Jack Antaramian

STATE OF FLORIDA  )
  ) ss:
COUNTY OF Collier  )

The foregoing was SWORN TO AND SUBSCRIBED BEFORE ME on this 17th day of October, 2011, by Jack Antaramian who is [X] personally known to me or who [ ] produced a driver's license as identification, and being duly sworn, deposes and says that the foregoing is true and correct..

RENAE D. FLIFLET
MY COMMISSION # DD796314
EXPIRES June 09, 2012
(407) 398-0153 FloridaNotaryService.com

Notary Public
Print Name: ReNae D. Fliflet
My Commission Expires: June 09, 2012

_____
Notary Public

5