UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

In re:  ) Case No. 11- 19510
 )
BASIL STREET PARTNERS, LLC,  ) Judge
 )
  Debtor.  ) Chapter 7
 )

**AFFIDAVIT OF GERARD A. MCHALE, JR. IN SUPPORT OF EMERGENCY MOTION OF PETITIONING CREDITORS (1) PURSUANT TO BANKRUPTCY CODE SECTION 362(d) FOR RELIEF FROM THE AUTOMATIC STAY AND (2) PURSUANT TO BANKRUPTCY CODE SECTION 543(d) TO EXCUSE COMPLIANCE WITH BANKRUPTCY CODE SECTIONS 543(a), (b) AND (c)**

STATE OF FLORIDA  )
 ) SS:
COUNTY OF LEE  )

I, Gerard A. McHale, Jr. (also referred to herein as the "Receiver" or "Affiant"), being first duly sworn, deposes and state as follows:

1. I am over 21 years of age, and have personal knowledge of the matters stated herein.

2. As described herein, Affiant serves as the Receiver over the property of Basil Street Partners, LLC (the "Debtor").

3. On or about October 8, 2010, the State Court in a civil action presently captioned as *Antaramian Properties, LLC v. Basil Street Partners, LLC, et al.*, Case No. 10-1269-CA (the "Foreclosure Action") appointed Affiant as the receiver (the "Receiver") over the Property. A copy of the Order Appointing Receiver (the "Receiver Order") entered by the State Court is attached to this Affidavit as **Exhibit "1"**. On or about October 13, 2010, Affiant, as Receiver, filed the requisite oath and bond with the State Court.

4. On or about December 2, 2010, the Affiant, as Receiver, filed an inventory of the Property (the "Inventory"). A copy of the Inventory is attached to this Affidavit **Exhibit "2"**.

4281689.4

5. The Property that is the subject of the Foreclosure Action is currently being operated by Affiant as Receiver.

6. Affiant as Receiver has taken possession and control of the Property, performed on site review of the Property, catalogued the inventory, and is maintaining the Property.

7. As of the Petition Date, and pursuant to the Receiver Order, Affiant as Receiver had issued $1,228,000 in Receiver's Certificates to fund the operating losses experienced by the Property during his tenure.

8. Affiant as Receiver, his Firm (Gerard A. McHale Jr., P.A. (the "McHale Firm")) and his counsel, Goldstein, Buckley, Cechman, Rice & Purtz, P.A. (the "Goldstein Firm"), together have incurred not less than $246,275 in unpaid fees and expenses in connection with the Receiver's operation of the Property.

9. Prior to the appointment of the Receiver and prior to taking control of the Property, Debtor failed to maintain insurance, pay real estate taxes, pay debts and maintain business operations. Moreover, Debtor owes delinquent real estate taxes relating to the Real Property in the total amount of approximately $450,000 for the tax year 2009.

10. Maintaining and operating the Property, requires the outlay of significant funds, the constant day-to-day oversight of numerous employees and attention to a range of regulatory requirements. The Receiver has assembled the appropriate agents, counsel, and business practices to protect the Property and is actively doing so.

11. Presently, the operations of the Property do not generate sufficient income to cover all of the expenses that have been or will be incurred by the Receiver or a Trustee. While the Receiver had successfully placed $1,228,000 in Receiver's certificates to raise funding necessary to operate the Property in the short term, the Receiver has been unable to place any more such certificates, despite the urgent need for operating capital.

12. Absent funding from EFO Financial Group, Inc. through postpetition financing under Section 364, to cover operating expenses, including the fees and costs of the Receiver, the McHale Firm and the Goldstein Firm, it will not be possible for anyone to maintain the Property, protect its value and maximize its value.

13. EFO will not provide funding unless the Receiver remains in place, or some responsible fiduciary acceptable to EFO in its sole discretion is operating the Property. Without the funding, the time and expense the Receiver has invested in stabilizing the Property will be for naught. The Receiver should be permitted, within the parameters set by this Court, to continue his efforts under the supervision of the State Court.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

FURTHER AFFIANT SAYETH NAUGHT.

_____
Gerard A. McHale, Jr.

STATE OF FLORIDA            )
                            ) ss:
COUNTY OF Lee               )

The foregoing was SWORN TO AND SUBSCRIBED BEFORE ME on this 20th day of October, 2011, by Gerard A. McHale, Jr., who is [X] personally known to me or who [ ] produced a driver's license as identification, and being duly sworn, deposes and says that the foregoing is true and correct..

_____
Notary Public
Print Name: Cynthia G. Gibson
My Commission Expires: 3/27/2013

_____
Notary Public

CYNTHIA G. GIBSON
Notary Public - State of Florida
My Comm. Expires Mar 27, 2013
Commission # DD 862287
Bonded Through National Notary Assn.

4