**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 11-19510** |
| | ) | |
| **BASIL STREET PARTNERS, LLC,** | ) | **Judge Jeffery P. Hopkins** |
| | ) | |
| **Alleged Debtor.** | ) | **Involuntary Petition Pending Under** |
| | ) | **Chapter 7** |

**ORDER GRANTING EMERGENCY MOTION OF PETITIONING CREDITORS (1)
PURSUANT TO BANKRUPTCY CODE SECTION 362(d) FOR RELIEF FROM THE
AUTOMATIC STAY AND (2) PURSUANT TO BANKRUPTCY CODE SECTION 543(d)
TO EXCUSE COMPLIANCE WITH BANKRUPTCY CODE SECTIONS 543(a), (b) AND
(c)**

This matter came on for expedited hearing on October 20, 2011 on the *Emergency
Motion of Petitioning Creditors (1) Pursuant to Bankruptcy Code Section 362(d) for Relief from
the Automatic Stay and (2) Pursuant to Bankruptcy Code Section 543(d) to Excuse Compliance
with Bankruptcy Code Sections 543(a), (b) and (c)* [Docket No. 2] (the "Relief Motion") for
entry of an order (i) modifying the automatic stay provisions of Bankruptcy Code[1] Section 362 to
permit Gerard A. McHale, Jr., as the receiver appointed in the State Court pre-petition (the
"Receiver"), to continue in the possession, control, management, use, lease and sale of specific
property of the respective bankruptcy estates subject to the jurisdiction of the state court, and (ii)
pursuant to Bankruptcy Code Section 543(d)(1) excusing compliance with Bankruptcy Code
Sections 543(a), (b), and (c) because the interests of the Debtor's creditors would be better
served by permitting the receiver to continue to possess, control, manage, use, lease and sell
property of the respective bankruptcy estates.  The Court, having reviewed the Relief Motion,

---

[1]Capitalized terms not herein defined shall have the same meaning as set forth in the Relief Motion.

and other pleadings filed in these proceedings, and after hearing on the Relief Motion and consideration of arguments of counsel hereby FINDS as follows:

A.     It is in the best interests of the creditors of Alleged Debtor for the Receiver to continue in possession, control, management, use, lease, and sale of the Property under the supervision of the State Court and in accordance with the Receiver Order entered by the State Court and pursuant to Bankruptcy Code Section 303(f).

B.     The limited relief requested in the Relief Motion is just and proper.

Now, THEREFORE, in consideration of the foregoing findings, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.     The Motion is granted as set forth herein.

2.     This Court hereby modifies the automatic stay imposed by Bankruptcy Code Section 362(a) to permit the Receiver to continue in the possession, control, management, use, and lease of the Property under the supervision of the State Court and in accordance with the Receiver Order entered by the State Court and pursuant to Bankruptcy Code Section 303(f).

3.     Pursuant to Bankruptcy Code Sections 543(d)(1), this Court hereby excuses the Receiver from compliance with Bankruptcy Code Sections 543(a), (b), and (c).

4.     This Order shall remain in full, force, and effect unless modified by further order of the Court.

5.     This Order shall not preclude other or further requests by any party, including without limitation the Petitioning Creditors, to modify the automatic stay.  This Order is without prejudice to the rights of the Alleged Debtor to contest the involuntary petition and other relief, with all rights preserved, including but not limited to seeking damages including fees and costs under Bankruptcy Code Sections 105 and 303.

6.      The relief granted herein is effective immediately, notwithstanding the provisions

of Bankruptcy Rule 4001(a)(3).

**DONE** and **ORDERED** in Chambers at Ft. Myers, Florida, on October  21 , 2011.

_____
Jeffery  P. Hopkins
United States Bankruptcy Judge


Copies to be provided by CM/ECF service