**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MEYERS DIVISION**
**www.flmb.uscourts.gov**

In re:

BASIL STREET PARTNERS, LLC

**CASE NO.: 9:11-bk-19510-JPH**

**INVOLUNTARY PETITION**
**PENDING UNDER CHAPTER 7**

_____Alleged Debtor._____/

**ALLEGED DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER GRANTING EMERGENCY MOTION OF PETITIONING CREDITORS FOR THE IMMEDIATE APPOINTMENT OF AN INTERIM TRUSTEE PURSUANT TO SECTION 303(g) OF THE BANKRUPTCY CODE AND INCORPORATED MEMORANDUM OF LAW**

**(EXPEDITED TELEPHONIC HEARING REQUESTED)**

Alleged Debtor, Basil Street Partners, LLC (the "Alleged Debtor"), by and through undersigned counsel, respectfully moves for reconsideration of this Court's Order Directing the Appointment of an Interim Chapter 7 Trustee (the "Trustee Order") [DE 15], and in support thereof, states as follows:

1.      On or about October 19, 2011 (the "Involuntary Petition Date"), Petitioning Creditors, Antaramian Properties, LLC, Young Van Asenderp, P.A., Turrell, Hall & Associates, Inc., and Forge Engineering, Inc. (the "Petitioning Creditors") commenced involuntary Chapter 7 bankruptcy proceedings against the Alleged Debtor.

2.      That same day, the Petitioning Creditors also filed the following Emergency Motions with this Court:

a. Emergency Motion (1) Pursuant to Bankruptcy Code Section 362(d) for Relief from the Automatic Stay and (2) Pursuant to Bankruptcy Code Section 543(d) to Excuse Compliance with Bankruptcy Code Sections 543(a), (b), and (c) (the "Emergency Stay Relief Motion") [DE 2]; and

b. Emergency Motion of Petitioning Creditors for the Immediate Appointment of an Interim Trustee Pursuant to section 303(g) of the Bankruptcy Code (the "Emergency Motion to Appoint an Interim Chapter 7 Trustee") [DE 4].

3. On or about October 20, 2011, this Court scheduled a hearing on the above-mentioned Emergency Motions for 3:30 P.M., on the same day notice was given, which provided practically no notice to the Alleged Debtor.

4. This Court should be mindful that prior to the Involuntary Petition Date, the Alleged Debtor was already a Defendant/Counter-Plaintiff in complex litigation, including a foreclosure proceeding pending in Collier County, Florida (the "State Court Action"), which involved the primary Petitioning Creditor, Antaramian Properties, LLC, as the alleged first mortgagee.

5. Significantly, over a year ago, on October 8, 2010, the court in the State Court Action entered an Order Granting Emergency Motion to Appoint Receiver (the "State Court Order"). A true and correct copy of the Order is attached hereto as <u>Exhibit A</u>.

6. Since the date of the entry of the State Court Order, the Receiver has been managing and operating the real property owned by the Alleged Debtor.

7.      During the hearing on October 20, 2011, this Court granted the relief requested in the Emergency Stay Relief Motion, which is memorialized in this Court's Order granting the Emergency Stay Relief Motion [DE 14].

8.      However, the Alleged Debtor opposed the Emergency Motion to Appoint an Interim Chapter 7 Trustee in that:  (a) there was no "emergency" given the Receiver's existence for 12 months; (b) notice was insufficient and the Alleged Debtor is entitled to prepare its case and take discovery; (c) the appointment of an Interim Chapter 7 Trustee is an extraordinary remedy, particularly in the context of involuntary bankruptcy proceedings; (d) evidence is required and none was presented in violation of the law; and (e) the Petitioning Creditors failed to satisfy the statutory predicates for relief.

9.      Two of the principal purposes of a motion for reconsideration "is to correct manifest errors of law . . . and to prevent manifest injustice." *Horowitch v. Diamond Aircraft Industries, Inc.*, 2009 WL 1537896, at *3 (M.D.Fla. June 2, 2009) (*citing Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp. 2d 1366, 1369 (S.D.Fla. 2002)).   A motion for reconsideration should not argue totally "new theories of law or . . . reiterate arguments previously made." *Id.* (*citing Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997)).  Yet, a court should grant the motion if the moving party can "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*; *see also Donohue*, 410 B.R. 311, 314 (Bankr. D.Kan. 2009) ("a motion to reconsider is the Court's opportunity to (1) correct manifest errors of law or fact; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in the law.").

10.     This Court should correct the manifest error of law committed when it entered the Trustee Order. Specifically:

(a)     An Interim Chapter 7 Trustee is not warranted or procedurally proper in this case on an emergency basis because the Receiver already has possession of the Receivership Assets and is currently managing and operating the Alleged Debtor's business. The appointment of an Interim Chapter 7 Trustee will be futile. Since the Petitioning Creditors requested this Court to excuse the Receiver from compliance with Sections 543(a), (b), and (c) of the Code, the Receiver will remain in possession, custody, and control of the Receivership Assets during the pendency of the Involuntary Chapter 7 proceedings, thereby ensuring no emergency exists;

(b)     The Alleged Debtor received practically no notice of the Emergency Motion to Appoint an Interim Chapter 7 Trustee and, as a result, had insufficient time to prepare its case or serve discovery on the Petitioning Creditors. Certainly, the Alleged Debtor is entitled to due process. Moreover, the Petition Creditors failed to satisfy Rule 2001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") which states: "[a]n interim trustee may not be appointed . . . unless the movant furnishes a bond in an amount approved by the court, conditioned to indemnify the debtor for costs, attorney's fees, expenses, and damages allowable under §303(i) of the Code."

(c)     The appointment of an Interim Chapter 7 Trustee is an extraordinary remedy, especially in the context of involuntary bankruptcy proceedings. As the court in *In re Rush*, 10 B.R. 518, 524–25 (Bankr. N.D.Ala. 1980), so eloquently stated:

> In a case in which the contested bankruptcy petition is to be heard and determined within a short time after the hearing on a motion that an interim trustee be appointed, the request for the trustee **should not be granted in the absence of an exceptionally strong need for doing so.** A determination of the main question (whether to enter an order for relief on the bankruptcy petition) would eliminate any need for the Court to order that an interim trustee be appointed. If the petition is denied, the case would be dismissed.

*Id.*

Significantly, main issue this Court must adjudicate is whether it should enter an order for relief. Therefore, the appointment of an Interim Chapter 7 Trustee is premature.

(d) The Petitioning Creditors did not present *any evidence* to this Court that demonstrated an Interim Chapter 7 Trustee is "*necessary to preserve property of the estate or to prevent loss to the estate*." *See* 11 U.S.C. §303(g) (2010) (emphasis added); *see In re Rush*, 10 B.R. 518, 524–25 ("[t]he statute speaks of the need for appointing an interim trustee in terms of 'if necessary.' In the case before the Court, the requisite necessity was not established by the evidence."). Consequently, the Petitioning Creditors did not satisfy any burden of proof.

11. In addition to the foregoing deficiencies, the relief requested by the Petitioning Creditors is fatally flawed because it is based upon an erroneous legal premise. This Court does not have subject-matter jurisdiction to appoint an Interim Chapter 7 Trustee for the purpose of obtaining post-petition financing pursuant to Section 364 of the Code. Applicable case law expressly states that such relief is impermissible as a matter of law. *See In re Roxy Roller Rink Joint Venture*, 73 B.R. 521, 527 (Bankr. S.D.N.Y. 1987) ("[i]t is a sensible statutory scheme to

preclude [a party] from taking advantage of the powers of the Bankruptcy Code, such as the right to incur debt under Code §364 on a priming lien, superpriority basis . . . while the debtor opposes the entry for an order for relief and when no order for relief may ever be entered."). In view of the fact that the relief requested by the Petitioning Creditors does not exist, and this Court does not have subject-matter jurisdiction to even permit the Alleged Debtor to incur such debt while it contests the entry of an order for relief, there is no just cause to appoint an Interim Chapter 7 Trustee.

WHEREFORE, the Alleged Debtor, Basil Street Properties, LLC, respectfully requests that this Court reconsider its Order Directing the Appointment of an Interim Chapter 7 Trustee, and enter an Order vacating the Trustee Order [DE 15], together with such other and further relief that this Honorable Court may deem just and proper.

Dated this 24th day of October, 2011.

Respectfully submitted,

**ROETZEL & ANDRESS**

/s/Alan J. Perlman
Alan J. Perlman
Florida Bar No. 826006
Joshua B. Alper
Florida Bar No. 0059875
350 E. Las Olas Boulevard, Suite 1150
Ft. Lauderdale, FL 33301
Telephone: (954) 462-4150
Facsimile: (954) 462-4260
E-mail: aperlman@ralaw.com
       jalper@ralaw.com

*Attorneys for the Alleged Debtor, Basil Street Properties, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 24, 2011, a true and correct copy of the foregoing has been furnished electronically via the Court's CM/ECF system to all parties registered for electronic notice and via U.S. Mail upon:  United States Trustee, Timberlake Annex – Suite 1200, 501 E. Polk Street, Tampa, FL 33602.

/s/Alan J. Perlman
Alan J. Perlman